UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CANDIE OVIATT, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:25-CV-275-DRL-JEM |
| ) | |
| LEAFY FINANCIAL, LLC, ) | |
|     Defendant, ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Defendant's Affirmative Defenses [DE 23], filed by Plaintiff on August 6, 2025. Plaintiff requests that the Court strike all of Defendant's affirmative defenses. Defendant has not filed a response, and the time to do so has passed.

**I.  Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil

1

Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Mgmt., LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL 266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because they were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense."). Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II.    Analysis**

Plaintiff alleges that Defendant Leafy Financial, LLC, a debt collection agency or debt purchaser, failed to report that the debt at issue in this case was disputed, in violation of the Fair Debt Collection Practices Act. Defendant filed an answer on May 9, 2025, in which it asserted six affirmative defenses. Plaintiff now moves to strike all six.

In addition to the concerns with the affirmative defenses pointed out by Plaintiff and addressed below, the Court notes that the answer as a whole does not comply with Local Rule 10-1, which provides that "[r]esponsive pleadings under Fed. R. Civ. P. 7(a) must: (1) restate verbatim

2

the paragraphs from the pleading they respond to; and (2) immediately following each restated paragraph, state the response to that paragraph." N.D. Ind. L.R. 10-1(a). Accordingly, the document must be refiled.

a) Failure to state a claim

Defendant's first affirmative defense asserts: "The Complaint fails to state a claim upon which relief can be granted against the Defendant." A failure to state a claim is not an affirmative defense. *Fletcher v. Hoeppner Wagner & Evans, LLP*, Cause No. 2:14-CV-231-RL-PRC, 2015 U.S. Dist. LEXIS 153057 at *12 (N.D. Ind. November 12, 2015); *see also Mandel Metals, Inc. v. Walker Grp. Holdings*, 2015 WL 3962005, at *10 (N.D. Ill. June 26, 2015) (citing *Ill Wholesale Cash Reg., Inc. v. PCG Trading, LLC*, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009); *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, 2009 WL 2778078, at *13 (N.D. Ill. Aug. 31, 2009)). Failure to state a claim, although a defense, is not an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then provide a separate reason why the defendant is not liable. Accordingly, the Court strikes the First Affirmative Defense.

b) Failure to Mitigate Damages

Defendant asserts, in its second affirmative defense, that "Plaintiff failed to mitigate her damages, if any." Plaintiff argues that Defendant has failed to present any facts showing that there is a duty to mitigate in this case, and it has not filed a response including any. The defense is stricken.

c) Contributory/Comparative Fault

Defendant's third affirmative defense asserts that "Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or

3

omissions," and the fourth asserts that "Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority." Again, as Plaintiff point out, the assertions are unaccompanied by any facts or identification of the alleged third party actors, nor has Defendant filed a response to the motion. The third and fourth defenses fail to include any facts in support of the bare bones statement and are stricken.

    d) <u>Bona Fide Error</u>

Defendant's fifth affirmative defense states, "To the extent that Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s)." Federal Rule of Civil Procedure 9(b) provides that when pleading mistake, "a party must state with particularity the circumstances constituting [] mistake." Fed. R. Civ. P 9(b); *see also Kort v. Diversified Collection Servs.*, 394 F.3d 530, 537-38 (7th Cir.2005) (defining bona fide error defense as "an error made in good faith; a genuine mistake" in FDCPA case), "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller*, 883 F.2d at 1294; *see also Lowe v. Diversified Consultants, Inc.*, No. 12 C 2009, 2012 WL 3776715, at *1 (N.D. Ill. Aug. 30, 2012) (striking affirmative defense of bona fide error in FDCPA case for failure to comply with Rule 9(b)). This fifth affirmative defense does not set forth the necessary elements of the alleged claim sufficient to put Plaintiff on notice and is stricken.

    e) <u>Standing</u>

In the sixth affirmative defense, Defendant asserts that "Plaintiff lacks Article III standing to bring this suit." As with the previous affirmative defenses, there are no facts included, nor

enough information included to put Plaintiff on notice of why Defendant believes Plaintiff has not established standing to sue, and the defense is stricken.

**III**.    **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Strike Defendant's Affirmative Defenses [DE 23]. The Court **STRIKES** Defendant Leafy Financial LLC's Answer to Plaintiff's Complaint [DE 5], **with leave to refile** an answer that complies with Local Rule 10-1 before **September 12, 2025**. The Court **STRIKES without prejudice** Defendant's affirmative defenses. In order to file any future affirmative defenses, Defendant must file a fully-supported motion to amend, with the proposed amendment attached, in accordance with Local Rule 15-1(a).

SO ORDERED this 29th day of August, 2025.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record